**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ADAM SORKIN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: |
| v. ) ) | **JURY TRIAL DEMANDED** |
| TARGET CORPORATION, ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Adam Sorkin ("Plaintiff"), individually and on behalf of all others similarly situated, bring this action against Defendant Target Corporation ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Up & Up Oil-Free cosmetic products (collectively, the "Oil-Free Products")[1] against Defendant for harm caused by Defendant's deceptive, improper or unlawful conduct in the design, marketing, manufacturing, distribution, and/or sale of its Oil-Free Products. The labeling and packaging of the Oil-Free Products contains false and misleading "oil-free" claims (the Oil-Free Claims). This misleads consumers into believing that the Oil-Free Products contain no oil or oil-inclusive ingredients even though the Oil-Free products actually do include oil or oil-inclusive ingredients.

---

[1] The Up & Up Oil-Free Products include Up & Up Facial Moisturizer Sensitive Skin, Facial Moisturizer with Sunscreen, Dual Effects Moisturizer, Acne Wash, Acne Wash Pink Grapefruit, Invigorating Facial Cleanser, Charcoal Deep Pore Cleanser, Deep Clean Cream Cleanser, Skin Refreshing Apricot Scrub, Blemish Controlling Apricot Scrub, Deep Clean Exfoliating Scrub, Eye Makeup Remover, Cleansing Wipes Pink Grapefruit, and 3-in-1 Micellar Cleansing Water.

By doing so, Defendant is able to charge a substantial price premium for its Oil-Free Products on account of the false and misleading Oil-Free Claims.

2. Oil-Free cosmetics are desired by consumers because "oil-free" products purportedly nourish and renew skin without clogging pores, causing breakouts, or making consumers' skin visibly oily.

3. Defendant has engage in widespread and deceptive advertising of the Oil-Free Products by claiming they are "oil-free." However, contrary to Defendant's representations, the Oil-Free Products do, in fact, contain oil.

4. Plaintiff, the Class, and Subclass Members purchased Oil-Free Products designed, marketed manufactured, distributed, and sold by Defendant as "oil-free." Further Plaintiff, the Class, and Subclass Members relied to their detriment on Defendant's representation that the Oil-Free Product are "oil-free." Plaintiff and Class and Subclass Members would not have paid to purchase Defendant's Oil-Free Products – or would not have paid as much as they did to purchase them – had they known that they are not, in fact, "oil-free". Plaintiff and Class and Subclass Members thus suffered monetary damages as a result of Defendant's deceptive and false representations.

## PARTIES

5. Plaintiff Adam Sorkin is a citizen of Illinois, residing in Chicago, Illinois. In March 2020, Plaintiff Sorkin purchased Up & Up Oil-Free Facial Moisturizer for Sensitive Skin for his personal use for approximately $6.99 from Target in Chicago, Illinois. Prior to his purchase of Up & Up Oil-Free Facial Moisturizer, Plaintiff Sorkin reviewed the product's labeling and packaging and saw that the Up & Up Oil-Free Facial Moisturizer was purportedly "oil-free." Plaintiff Sorkin relied on that labeling and packaging to choose his moisturizer over comparable products. Plaintiff Sorkin saw these representations prior to, and at the time of

purchase, and understood them as representations and warranties that his Up & Up Oil-Free Facial Moisturizer was "oil-free." Plaintiff Sorkin relied on these representations and warranties in deciding to purchase his Up & Up Oil-Free Facial Moisturizer. Accordingly, these representations and warranties were part of the basis of the bargain, in that he would not have purchased Up & Up Oil-Free Facial Moisturizer on the same terms had he known these representations were not true. However, Plaintiff Sorkin remains interested in purchasing oil-free products and would consider Up & Up Oil-Free Facial Moisturizer in the future if Defendant ensured the products were actually oil-free. In making his purchase, Plaintiff Sorkin paid a substantial price premium due to the false and misleading Oil-Free Claims. However, Plaintiff Sorkin did not receive the benefit of his bargain because his Up & Up Oil-Free Facial Moisturizer, in fact, was not "oil-free". Further, Plaintiff Sorkin understood that the purchase came with Defendant's representation and warranties that his Up & Up Oil-Free Facial Moisturizer was "oil-free."

6. Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the state of Minnesota, with its principal place of business in Minneapolis Minnesota. Target manufactures, sells, and/or distributes Up & Up-brand products, and is responsible for the advertising, marketing, trade dress, and packaging of the Oil-Free Products. Target manufactured, marketed, and sold the Oil-Free Products during the class period.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within Illinois, such that Defendant has significant, continuous, and pervasive contacts with the State of Illinois. Furthermore, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this State, including Plaintiff's purchase.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTUAL ALLEGATIONS

10. Defendant manufactures, advertises, markets, sells, and/or distributes cosmetic products throughout Illinois and the United States under the brand name "Up & Up."

11. At all relevant times, Defendant has marketed its Oil-Free Products in a consistent and uniform manner. Each of the Oil-Free Products included the Oil-Free Claims when they in fact contain oil or oil inclusive products. A sampling of the products is featured below:



4

12. The Oil-Free Products contain the following oils:

| Product | Oil |
|---|---|
| Up & Up Oil Free Facial Moisturizer | Glycine Soja (Soybean) Sterols, Dimethicone |
| Up & Up Dual Effects Moisturizer | Dimethicone |
| Up & Up Acne Wash Pink Grapefruit | Cocamidopropyl Betaine |
| Up & Up Moisturizing Lotion with SPF | Dimethicone |
| Up & Up Morning Burst Facial Cleanser | Cocamidopropyl Betaine |
| Up & Up Deep Clean Cream Cleanser | Ppg-15 Stearyl Ether |
| Up & Up Deep Cleaning Acne Treatment | Cocamidopropyl Betaine |
| Up & Up Charcoal Deep Pore Cleanser | Cocamidopropyl Betaine |
| Up & Up Skin Refreshing Apricot Scrub | Cocamidopropyl Betaine |
| Up &Up Deep Clean Exfoliating Scrub | Dimethicone Peg-8 Meadowfoamate |
| Up & Up Eye Makeup Remover | Cyclopentasiloxane, Cyclohexasiloxane |
| Up & Up All In One Micellar Cleansing Water | Cyclopentasiloxane |

13. All of the Oil-Free Products contain oils, but Defendant intentionally advertises and labels the Oil-Free Products as "oil-free."

14. Oil is a term that describes materials that are both hydrophobic and lipophilic. Oil can also be classified by the polarity of the substance. Oils can be wholly non-polar such as hydrocarbons or polar, such as fatty acids. Oil comprises the following chemical functional groups:[2]

    a. hydrocarbons (alkalanes, alkenes) – such as squalene (also known as squalene oil);

    b. triglycerides – such as glycerol tristate (stearin;

    c. esters – such as ester oil;

    d. fatty acids – such as palmitic acid or cocamidopropyl betaine;

    e. silicones – such as akyl dimethicone and siloxanes; and

    f. fatty alcohols – such as sterols.

---

[2] Ton O'Lenick, Polar vs. Nonpolar oils, 2008, https://www.cosmeticsandtoiletries.com/research/chemistry/17390254.html (last accessed Jan. 29, 2021).

...

...

15. The above groups can be characterized by the same physical properties, including being less dense than water, more viscous than water, and feeling slick or slippery to the touch.

16. Soybean sterols *i.e.* soybean oil can only be created by creating a chemical reaction from soybean oil and distilling the sterols left behind.

17. Cocamidopropyl betaine is a fatty acid naturally derived surfactant sourced from coconut or palm kernel oil.

18. Silicone oils, or Siloxanes, are any liquid polymerize siloxane with organic side chains. This includes Cyclosiloxanes, such as Cyclopentasiloxane and Cyclohexasiloxane, which have high volatility, making them useful in cosmetics. Similarly, Dimethicone is a polysiloxane used as a lubricant and conditioning agent.

19. Ppg-15 Stearyl Ether, is a fatty alcohol and therefore a polar oil. It is typically used for skin conditioning.

20. Plaintiff would not have been able to understand that the Oil-Free Products contained oil absent an advanced understanding of chemistry.

21. Defendant's advertising and marketing of the Oil-Free Products is false and misleading and omits material information. The Oil-Free Products prominently advertise on the front label that they are "oil-free." Consumers reasonably expect that the Oil-Free Products will, in fact, be "oil-free." Nowhere on the Oil-Free Product packaging does Defendant inform consumers that the Oil-Free Products contain oil. Consumers, like Plaintiff, would not have been able to understand that the Oil-Free Products contained oil absent an advanced understanding of chemistry. Defendant's misrepresentations and/or omissions violate consumers' reasonable expectations and, as alleged herein, and Illinois's consumer protection statutes.

22. Defendant knew or should have known that the Oil-Free Products' express Oil-Free Claims were false, deceptive, and misleading, and that Plaintiff, the Class, and Subclass

Members would not be able to tell that the Oil-Free Products contained oil absent Defendant's express disclosure.

23. Defendant employs professional chemists to create the chemical formulas for the Oil-Free Products. Therefore, Defendant through its employees knew or should have known that the Oil-Free Products contained oils and that by labeling the Products as "oil-free" it was deceiving consumers.

24. On information and belief, Defendant, through its employees, did know that the Oil-Free Products contained oils, but chose to include the Oil-Free Claims because it did not believe its customers would know the difference.

25. Had Defendant not made the false, misleading, and deceptive representations and/or omissions alleged herein, Plaintiff and Class Members would not have purchased the Oil-Free Products or would not have paid as much as they did for such products. Thus, Plaintiff and Class Members suffered an injury in fact and lost money or property as result of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

26. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

27. Plaintiff seeks to represent a class defined as all people who purchased any Oil-Free Product that falsely advertised that the product was purportedly "oil-free" during the applicable statute of limitations (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28. Plaintiff Adam Sorkin also seeks to represent a subclass consisting of Class Members who reside in Illinois (the "Illinois Subclass").

29. Plaintiff Adam Sorkin also seeks to represent a subclass consisting of all persons in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington that purchased the Oil-Free Products[3] (the "Consumer Fraud Multi-State Subclass").

30. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

---

[3] The states in the Consumer Fraud Multi-State Class are limited to those states with similar consumer fraud laws under the facts of this case: California (Cal. Bus. & Prof. Code § 17200, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. *505/1, et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. §407.010, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law §§ 349, 350 *et seq.*); and Washington (Wash. Rev. Code § 19.86.010*, et seq.*).

31. **Numerosity.** The Class and Subclass Members are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimate that there are hundreds of thousands of Members in the Class and in the Subclass. Although the precise number of Class and Subclass Members is unknown to Plaintiff, it is known by Defendant and may be determined through discovery.

32. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all Members of the Class and Subclass and predominate over any questions affecting only individual Class or Subclass members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendant made false and/or misleading statements to the consuming public concerning the oil content of the Oil-Free Products;

(b) Whether Defendant omitted material information to the consuming public concerning the oil content of the Oil-Free Products;

(c) Whether Defendant's labeling and packaging for the Oil-Free Products is misleading and/or deceptive;

(d) Whether Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising and sale of the Oil-Free Products;

(e) Whether Defendant's representations concerning the Oil-Free Products were likely to deceive a reasonable consumer;

(f) Whether Defendant's omissions concerning the Oil-Free Products were likely to deceive a reasonable consumer;

(g) Whether Defendant represented to consumers that the Oil-Free Products have characteristics, benefits, or qualities that they do not have;

9

(h) Whether Defendant advertised the Oil-Free Products with the intent to sell them not as advertised;

(i) Whether Defendant falsely advertised the Oil-Free Products;

(j) Whether Defendant made and breached express and/or implied warranties to Plaintiff and the Class and Subclass Members about the Oil-Free Products;

(k) Whether Defendant's representations, omissions, and/or breaches caused injury to Plaintiff and the Class and Subclass Members; and

(l) Whether Plaintiff and the Class and Subclass Members are entitled to damages.

33. **Typicality.** Plaintiff's claims are typical of the claims of the other Members of the Class and Subclass in that, among other things, all Class and Subclass Members were deceived (or reasonably likely to be deceived) in the same way by Defendant's false and misleading advertising claims about the oil content of the Oil-Free Products. All Class and Subclass Members were comparably injured by Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

34. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Members of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

35. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually

impossible for Class or Subclass Members to obtain effective redress on an individual basis for the wrongs committed against them. Even if Class or Subclass Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. It would also increase the delay and expense to all parties and the court system from the issues raised by this action. The class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

   36. In the alternative, the Class and Subclasses may also be certified because:

   (a) the prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Class or Subclass Members that would establish incompatible standards of conduct for Defendant;

   (b) the prosecution of separate actions by individual Class and Subclass Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Subclass Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

   (c) Defendant has acted or refused to act on grounds generally applicable to the Class and to the Subclass as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the Members of the Class and to the Members of the Subclass as a whole.

## COUNT I
### Violation Of Illinois Consumer Fraud Act, §§ 815 ILCS 505/1, *et seq*
### (On Behalf Of The Class and Illinois Subclass)

37. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff Sorkin brings this claim individually and on behalf of the Class and Illinois Subclass against Defendant.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), §§ 815 ILCS 505/1, *et seq.*, prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

40. Defendant intended that Plaintiff Sorkin and each of the other members of the Illinois Subclass would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

41. As a result of Defendant's use or employment of unfair or deceptive acts or business practices, Plaintiff Sorkin and each of the other members of the Class and Illinois Subclass have sustained damages in an amount to be proven at trial.

42. In addition, Defendant's conduct showed malice, motive, and reckless disregard of the truth such that an award of punitive damages is appropriate.

## COUNT II
### Breach Of Express Warranty
### (On Behalf Of The Class And The Illinois Subclass)

43. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

44. Plaintiff brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

45. As the designer, manufacturer, marketer, distributor, and/or seller of Oil-Free Products, Defendant issued an express warranty by representing to consumers at the point of purchase that Oil-Free Products were "oil-free". Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class and Subclass.

46. In fact, the Oil-Free Products do not conform to Defendant's representations because Oil-Free Products are not, in fact "oil-free." By falsely representing the Oil-Free Products in this way, Defendant breached express warranties.

47. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they: (1) paid money for Oil-Free Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Oil-Free Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Oil-Free Products they purchased had less value than Defendant represented. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class and Subclass Members would not have purchased the Oil-Free Products or would not have paid as much as they did for them.

48. On or about January 8, 2021 prior to filing this action, a pre-suit notice letter was served on Defendant which complies in all respects with U.C.C. § 2-607. Plaintiff and the Class sent Defendant a letter via certified mail, return receipt requested, advising Defendant that it breached numerous warranties and violated state consumer protection laws, and demanding that Defendant cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit A**.

**COUNT III**
**Breach of Implied Warranty**
**(On Behalf Of The Class And The Illinois Subclass)**

49. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

50. Plaintiff brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

51. Defendant routinely engages in the manufacture, distribution, and/or sale of Oil-Free Products and is a merchant that deals in such goods or otherwise holds themselves out as having knowledge or skill particular to the practices and goods involved.

52. Plaintiff and Members of the Class and Subclass were consumers who purchased Defendant's Oil-Free Products for the ordinary purpose of such products.

53. By representing that the Oil-Free Products would be "oil-free", Defendant impliedly warranted to consumers that the Oil-Free Products were merchantable, such that they were of the same average grade, quality, and value as similar goods sold under similar circumstances.

54. However, the Oil-Free Products were not of the same average grade, quality, and value as similar goods sold under similar circumstances. Thus, they were not merchantable and, as such, would not pass without objection in the trade or industry under the contract description.

55. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they paid money for Oil-Free Products that would not pass without objection in the trade or industry under the contract description.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf Of The Class And The Illinois Subclass)**

56. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

14

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Illinois Subclass against Defendant.

58. Plaintiff and Class Members conferred benefits on Defendant by purchasing the Oil-Free Products.

59. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Oil-Free Products. Retention of those monies under the circumstances is unjust and inequitable because Defendant misrepresented the oil content of the Oil-Free Products by claiming they were "oil-free." Those misrepresentations caused injuries to Plaintiff and Class Members because they would not have purchased the Oil-Free Products at all, or on the same terms, if the true facts were known.

60. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff, Class Members, and Subclass Members is unjust and inequitable, Defendant must pay restitution to Plaintiff, Class Members, and Subclass Members for its unjust enrichment, as ordered by the Court.

## COUNT V
**(Violation Of State Consumer Fraud Acts)**

61. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Consumer Fraud Multi-State Class.

63. The Consumer Fraud Acts of the states in the Consumer Fraud Multi-State Class[4] prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

---

[4] California (Cal. Bus. & Prof. Code § 17200, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. 505/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. §407.010, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York

64. Defendant intended that Plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

65. As a result of the Defendant's use or employment of unfair or deceptive acts or business practices, Plaintiff and each of the other members of the Consumer Fraud Multi-State Class have sustained damages in an amount to be proven at trial.

66. In addition, Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class, the Illinois Subclass, and the Consumer Fraud Multi-State Subclass under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff Wishner as representative of the Class, the Illinois Subclass, and the Consumer Fraud Multi-State Subclass, and Plaintiff's attorneys as Class Counsel to represent the Class, the Illinois Subclass, and the Consumer Fraud Multi-State Subclass;

b) For an order finding in favor of Plaintiff, Class, the Illinois Subclass, and the Consumer Fraud Multi-State Subclass on all counts asserted herein;

c) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

d) For prejudgment interest on all amounts awarded;

---

(N.Y. Gen. Bus. Law §§ 349, 350 *et seq.*); and Washington (Wash. Rev. Code § 19.86.010, *et seq.*).

e) For an order of restitution and all other forms of equitable monetary relief;

f) For injunctive relief as pleaded or as the Court may deem proper;

g) For an order awarding the Plaintiff, Class, the Illinois Subclass, and the Consumer Fraud Multi-State Subclass their reasonable attorneys' fees, expenses, and costs of suit; and

h) Providing such further relief as may be just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 1, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Frederick J. Klorczyk III*
      Frederick J. Klorczyk III

Frederick J. Klorczyk III*
888 Seventh Ave.
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott*
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
Email: bscott@bursor.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom (State Bar No. 6295219)
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Email: malmstrom@whafh.com

*Attorneys for Plaintiff*

*\*Generally Admitted*

**EXHIBIT A**

# BURSOR & FISHER
### P.A.

**888 SEVENTH AVE.**
**NEW YORK, NY 10019**
www.bursor.com

F REDERICK  J. K LORCZYK  III
Tel: **646.837.7150**
Fax: **212.989.9163**
fklorczyk@bursor.com

January 11, 2021

*<u>Via Certified Mail - Return Receipt Requested</u>*

Target Corporation
c/o C T Corporation System
1010 Dale St. N.
St. Paul, MN 55117

Target Corporation
Attn: Legal Department
1000 Nicollet Mall
Minneapolis, MN 55403

Re:   *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; Illinois Consumer Fraud Act, §§ 815 ILCS 505/1, et seq.; and all other applicable consumer protection statutes*

To Whom it May Concern:

This letter serves as a preliminary notice and demand for corrective action by Target Corporation ("You") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties on behalf of our client Adam Sorkin, and a class of all similarly situated purchasers of Up & Up Oil-Free Products[1] (collectively, the "Products"). This letter also serves as notice of violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; Illinois Consumer Fraud Act, §§ 815 ILCS 505/1, *et seq.*, and all other applicable federal and state laws. Should we not receive a response to our offer of resolution set forth below, this letter provides statutory notice of our intent to file a class action lawsuit.

Our client purchased Up & Up Oil-Free Facial Moisturizer for Sensitive Skin, which You misrepresented and warranted as "oil-free" Our client understood this to mean that his Product would not contain any oil. However, the Products do in fact contain oil, and therefore contrary to Your express representations, are not in fact "oil-free." Accordingly, You violated the Illinois Consumer Fraud Act, and breached express and implied warranties made to our client and the Class. *See* U.C.C. §§ 2-313, 2-314, 2-607; 15 U.S.C. §§ 2301, *et seq.*; Illinois Consumer Fraud Act, §§ 815 ILCS 505/1, *et seq.* Our client and similarly situated consumers were injured and damaged by purchasing the Products.

---

[1] The Up & Up Oil-Free Products include Up & Up Facial Moisturizer Sensitive Skin, Facial Moisturizer with Sunscreen, Dual Effects Moisturizer, Acne Wash, Acne Wash Pink Grapefruit, Invigorating Facial Cleanser, Charcoal Deep Pore Cleanser, Deep Clean Cream Cleanser, Skin Refreshing Apricot Scrub, Blemish Controlling Apricot Scrub, Deep Clean Exfoliating Scrub, Eye Makeup Remover, Cleansing Wipes Pink Grapefruit, and 3-in-1 Micellar Cleansing Water.

On behalf of our client and the Class, we hereby demand that You immediately (1) issue a mandatory recall of the Products and (2) make full restitution to all purchasers of the Products of all purchase money obtained from sales thereof.

We also demand that You preserve all documents and other evidence which refer or relate to any of the above-described practices during the applicable class periods, including electronically stored information and including, but not limited to, the following:

1. All documents and communications with all third-party manufacturer(s) of the Products, including any and all agreements related thereto;

2. All documents concerning the formulation, ingredient sourcing, packaging, labeling, and manufacturing process for the Products;

3. All tests of Products and their component parts, whether performed by You or any other third-party entities;

4. All documents concerning the pricing, advertising, marketing, and/or sale of the Products;

5. All communications with customers involving complaints or comments concerning the Products;

6. All documents concerning communications with any retailer involved in the marketing or sale of the Products;

7. All documents concerning communications with any retailer involved in the manufacturing or sale of the Products; and

8. All documents concerning the total revenue derived from sales of the Products

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take this as an indication that you are not interested in discussing this offer of resolution.

Very truly yours,

Frederick J. Klorczyk III