IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ADAM SORKIN,** individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>**TARGET CORPORATION,**<br><br>                Defendant. | No. 1:21-cv-03546<br><br>The Honorable Jorge L. Alonso<br>Magistrate Judge Heather K. McShain |

**DEFENDANT TARGET CORPORATION'S RULE 12(c)**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Target Corporation ("Target"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), hereby moves to dismiss Counts I-V to the extent that Plaintiff seeks to bring these claims for products not purchased by Plaintiff and to the extent Plaintiff seeks to bring these claims on behalf of any Class Members outside of Illinois. In support of this Motion, Target states as follows:

1. On July 1, 2021, Plaintiff filed a class action complaint against Target Corporation. (Dkt. 1 (hereinafter "Complaint" or "Comp.").

2. Target filed its Answer and Affirmative Defenses on September 28, 2021. (Dkt. 14 (hereinafter "Answer" or "Ans.").

3. Plaintiff is an Illinois resident and has been an Illinois resident at all relevant times. (Comp. ¶ 5).

4. Plaintiff's claims are rooted in a single-item purchase he made at a Target retail store in Chicago in March of 2020. (Ans. ¶¶ 6, 10). Plaintiff alleges that the item he purchased, Up & Up Facial Moisturizer for Sensitive Skin, contains oil despite bearing the phrase "oil-free" on its label. (Comp. ¶ 1).

5. The Court should now dismiss Counts I-V of Plaintiff's Complaint to the extent they relate to products that Plaintiff did not purchase because he cannot "possibly have been injured by representations made on products he did not buy." *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 U.S. Dist. LEXIS 187208, at *4 (N.D. Ill. Nov. 9, 2012). Even if those products bear the same label, Plaintiff did not allege, and he cannot show that the unpurchased products are substantially similar to the product he purchased. *See, e.g., Flaherty v. Clinique Laboratories LLC*, No. 1:21-cv-03447, 2021 U.S. Dist. LEXIS 219455, *12 (N.D. Ill. Nov. 15, 2021) (holding that plaintiff did not have standing to pursue claims for the products she did not purchase because she "has not alleged facts suggesting that they are substantially similar to the three products that she purchased"). Therefore, Plaintiff lacks standing to sue for unpurchased products.

6. The Court should also dismiss Counts I-V of Plaintiff's Complaint insofar as Plaintiff seeks to bring claims on behalf of Class Members outside of Illinois. Plaintiff "only ha[s] Article III standing to raise claims under [his own state's] law, not the laws of any… other states." *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *25 (N.D. Ill. June 29, 2015). As the only named Plaintiff in this action, Plaintiff does not have standing to bring claims in any state other than Illinois.

7. In further support of this Motion, Target is concurrently filing a Memorandum of Law in Support of Its Motion to Dismiss.

WHEREFORE, for the reasons set forth herein and in its Memorandum of Law in Support of Its Rule 12(c) Motion, and for such other and further reasons as may appear to the Court at a hearing on this Motion, Target Corporation respectfully requests that this Court dismiss Counts I-V to the extent that Plaintiff seeks to bring these claims for products not purchased by Plaintiff and

to the extent Plaintiff seeks to bring these claims on behalf of any Class Members outside of Illinois and grant such other further relief as the Court deems necessary and just.

Dated: January 26, 2022

Respectfully submitted,

By: */s/ Brian D. Straw*

Rick L. Shackelford (admitted *pro hac vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
(310) 586-7700 (Main)
shackelfordr@gtlaw.com

Brett M. Doran
Brian D. Straw
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
doranb@gtlaw.com
strawb@gtlaw.com

*Attorneys for Defendant Target Corporation*

## **CERTIFICATE OF SERVICE**

      I, Brian D. Straw, an attorney, certify that I electronically filed Defendant Target Corporation's Rule 12(c) Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on January 26, 2022.

                                              */s/ Brian D. Straw*
                                              Attorney for Defendant
                                              Target Corporation