UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM SORKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 3546 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion [30] for judgment on the pleadings, which the Court takes as a motion to dismiss under Rule 12(b)(1), is granted in part and denied in part. The Court dismisses without prejudice for lack of jurisdiction plaintiff's claims as to the twelve products listed in ¶ 12 of the Complaint [1], i.e., *Up & Up Oil Free Facial Moisturizer, Up & Up Dual Effects Moisturizer, Up & Up Acne Wash Pink Grapefruit, Up & Up Moisturizing Lotion with SPF, Up & Up Morning Burst Facial Cleanser, Up & Up Deep Clean Cream Cleanser, Up & Up Deep Cleaning Acne Treatment, Up & Up Charcoal Deep Pore Cleanser, Up & Up Skin Refreshing Apricot Scrub, Up & Up Deep Clean Exfoliating Scrub, Up & Up Eye Makeup Remover,* and *Up & Up All In One Micellar Cleansing Water*. The only claims that remain pending are plaintiff's claims with respect to the *Up & Up Oil-Free Facial Moisturizer for Sensitive Skin*.

**STATEMENT**

Feeling defrauded by a product label, plaintiff Adam Sorkin ("Sorkin") filed against defendant Target Corporation a complaint alleging claims for common-law fraud, unjust enrichment and breach of warranties, as well as claims under various states' consumer fraud statutes. Specifically, plaintiff alleges that, in March 2020, he spent approximately $6.99 at a Target store in Chicago to purchase a bottle of *Up & Up Oil-Free Facial Moisturizer*. Plaintiff alleges that the product he purchased contained oil, despite the label, which described the product as being oil free. He alleges he paid a premium price for a product that was inferior.

Had he known the product contained oil, plaintiff either would not have purchased the product, or he would have paid less for it.

Plaintiff does not limit his complaint to claims based on the product he purchased. Plaintiff also alleges that twelve other products contained oil despite being labeled as oil free. (Complt. ¶ 12). Those products are: *Up & Up Oil Free Facial Moisturizer, Up & Up Dual Effects Moisturizer, Up & Up Acne Wash Pink Grapefruit, Up & Up Moisturizing Lotion with SPF, Up & Up Morning Burst Facial Cleanser, Up & Up Deep Clean Cream Cleanser, Up & Up Deep Cleaning Acne Treatment, Up & Up Charcoal Deep Pore Cleanser, Up & Up Skin Refreshing Apricot Scrub, Up & Up Deep Clean Exfoliating Scrub, Up & Up Eye Makeup Remover,* and *Up & Up All In One Micellar Cleansing Water*. Plaintiff has not alleged that he purchased any of the twelve products listed in ¶ 12 of his complaint.

Defendant has filed a Rule 12(c) motion for judgment on the pleadings, arguing that plaintiff lacks standing to bring some of his claims. A motion to dismiss for lack of jurisdiction, however, is a motion for relief under Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). Accordingly, this Court takes defendant's motion as a motion under Rule 12(b)(1). A challenge to the Court's jurisdiction may be brought at any time. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).

  **A.** **Standing with respect to products plaintiff did not purchase**

First, defendant argues that plaintiff lacks standing to pursue claims with respect to products he has not alleged he purchased. The Court agrees.

Standing is not about the merits of a case; it is a question of whether a particular plaintiff is a suitable one to fight the battle. *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) ("[W]hen standing is placed in issue in the case, the question is whether the person whose standing is

challenged is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable.").

Standing requires a personal stake in the litigation. As the Supreme Court explained nearly fifty years ago:

> As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on *his* behalf. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Art. III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*, even though the court's judgment may benefit others collaterally.

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (emphasis added). Among the reasons for requiring a personal stake is the practical notion that one with a personal stake will best litigate the issue. The Supreme Court has explained:

> This personal stake is what the Court has consistently held enables a complainant authoritatively to present to a court a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance. Such authoritative presentations are an integral part of the judicial process, for a court must rely on the parties' treatment of the facts and claims before it to develop its rules of law. Only concrete injury presents the factual context within which a court, aided by parties who argue within the context, is capable of making decisions.

*Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 221 (1974); *see also Flast*, 392 U.S. at 99 ("The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy *as to assure that concrete adverseness which sharpens the presentation of issues* upon which the courts so largely depend for illumination of difficult . . . questions.'") (emphasis added) (quoting *Baker v. Carr*, 369 U.S. at 204).

Thus, "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). A plaintiff must have "(1) suffered

an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To show injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). A plaintiff must establish standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Here, at the pleadings stage, allegations will suffice.

In this case, plaintiff alleges he purchased *Up & Up Oil-Free Facial Moisturizer for Sensitive Skin* for roughly $6.99 in March 2020. He alleges he was defrauded, because the product's label plainly states the product is oil free when, according to plaintiff, the product contains oil. Plaintiff alleges that, had he known the product contained oil, he would have either paid less for it or not purchased it at all. He has, thus, alleged an injury in fact in the form of overpayment (in an amount that falls somewhere between $.01 and $6.99) for the product he purchased. The injury is concrete, and it is particular to plaintiff. He has standing to pursue his claims based on the product that he purchased.

Plaintiff has not, however, alleged that he purchased any of the other twelve products that he alleges were falsely labeled as being oil free. Defendant rightly points out that plaintiff lacks standing to pursue claims based on products he did not purchase. Plaintiff simply has no personal stake in the outcome of such claims. The problem is that plaintiff has not alleged he suffered any *injury* with respect to those other products. Plaintiff has not alleged he ever paid for those products, so he has not alleged (and cannot allege) that he was injured by overpaying for

those products.  Plaintiff could not have been lured in by a false label on a product he never purchased.

Plaintiff argues that he has standing to pursue claims based on the twelve products he did not purchase, because those products are similar to the product he actually purchased.[1]  That is not, however, the test for standing that the Supreme Court has applied for decades.  Standing requires injury in fact to the plaintiff.  Here, plaintiff does not identify any injury he suffered from the labels on those other products.  Perhaps he was stressed, annoyed or otherwise bothered that someone else might have purchased those products, but none of those feelings constitutes a concrete injury for purposes of Article III standing.  *Wadsworth v. Kross, Leiberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021).  The only injury alleged in the complaint is overpayment, but plaintiff does not allege he suffered that injury with respect to the twelve products he did not purchase.  That someone else might have been injured by overpayment for those other products does not matter.  *See Frank v. Gaos*, 139 S.Ct. 1041, 1046 (2019) ("[F]ederal courts lack jurisdiction if no named plaintiff has standing."); *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972) ("[T]he injury in fact test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured."); *Warth*, 422 U.S. at 502 ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they

---

[1] The plaintiff did not pull this argument out of thin air.  The Court is aware of a few district court decisions (including one of its own) in which judges have allowed plaintiffs to pursue claims with respect to products that were similar to products those plaintiffs had purchased.  *See Ulrich v. Probalance, Inc.*, Case No. 16 C 10488, 2017 WL 3581183 at *6 (N.D. Ill. Aug. 18, 2017).  In *Ulrich*, unlike this case, the complaint could have been read to mean plaintiff had purchased each of the four products at issue.  Here, plaintiff alleges he purchased only one of the products.  Plaintiff has not alleged an injury with respect to the other products.  Put simply, this Court lacks jurisdiction to consider claims that the named plaintiff has no standing to pursue.  *Frank v. Gaos*, 139 S.Ct. 1041, 1046 (2019) ("[F]ederal courts lack jurisdiction if no named plaintiff has standing.").

5

purport to represent. Unless these petitioners can thus demonstrate the requisite case or controversy between themselves personally and respondents, 'none may seek relief on behalf of himself or any other member of the class.'") (citations omitted). Plaintiff has not alleged he suffered any injury with respect to those other products. He lacks standing to pursue claims based on those products.[2]

Nor could the plaintiff establish standing by purchasing those products now. A plaintiff must establish "standing at the time the suit is filed and cannot manufacture standing afterwards." *Pollack v. United States Dep't of Justice*, 577 F.3d 736, 742 n. 2 (7th Cir. 2009) (explaining that plaintiff's visits to an area after the suit was commenced did not confer standing); *see also Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000) ("The requisite personal interest must exist at the commencement of the litigation (standing) and must continue throughout its existence (mootness)") (citations omitted); *Perry v. Village of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("[Plaintiff] did not rent this apartment or obtain title to the automobile until after he filed his complaint in this case. Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit.").

Plaintiff's claims with respect to the twelve products he did not purchase are dismissed for lack of standing. Dismissals for lack of jurisdiction are dismissals without prejudice. *Prairie*

---

[2] To the extent plaintiff thinks the existence of Rule 23 somehow expands Article III standing, the Court disagrees. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints[.]"); Fed.R.Civ.P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."); *see also TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not. . . . [P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]")

*Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1013 (7th Cir. 2021). Accordingly, the claims are dismissed without prejudice.

      **B.**      **Standing with respect to other states' statutes**

In his complaint, plaintiff asserts that defendant's conduct violated the consumer-fraud statutes of ten states, including Illinois, the only state in which plaintiff purchased the moisturizer. Plaintiff notes that he seeks to represent a class of persons who purchased the product in the states of California, Florida, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York and Washington.

Defendant argues that plaintiff lacks standing to pursue claims under the statutes of the states other than Illinois, because plaintiff has not alleged that he purchased the product in those other states. The Court disagrees. Defendant conflates a potential failure to state a claim with a lack of standing. The issue defendant raises does not affect Article III standing.

Defendant's point is that some consumer-fraud statutes do not apply to transactions that occur outside of their respective states. The Illinois Consumer Fraud and Deceptive Trade Practices Act, for example, does not apply "to fraudulent transactions which take place outside Illinois." *Avery v. State Farm Auto. Ins. Co.*, 216 Ill.2d 100, 185 (Ill. 2005). Thus, in *Avery*, the Illinois Supreme Court held that "the out-of-state plaintiffs . . . have no cognizable cause of action under the Consumer Fraud Act." *Avery*, 216 Ill.2d at 188. The upshot is that a plaintiff cannot *state a claim* under the ICFA based on an out-of-state transaction.

That issue, however, is not one of standing. Article III standing requires an injury in fact, and plaintiff has one (with respect to *Up & Up Oil-Free Facial Moisturizer for Sensitive Skin*) in the form of overpayment for the product he purchased. As the Supreme Court has explained, Article III standing is a question different from the statutory question of whether a "legislatively

conferred cause of action encompasses a particular plaintiff's claim." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-127 (2014). In other words, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Therefore, the Court denies defendant's request that the Court dismiss for lack of standing plaintiff's claims under the other states' consumer-fraud statutes.[3]

SO ORDERED.                                                     ENTERED: June 2, 2022

JORGE L. ALONSO
United States District Judge

---

[3] Plaintiff might do well to consider whether these claims are worth pursuing. As noted above, the ICFA does not apply "to fraudulent transactions which take place outside Illinois." *Avery*, 216 Ill.2d at 185. Thus, a plaintiff who purchased a product outside of Illinois, having no claim under the ICFA himself, would not be an adequate representative of a class of persons who purchased the product in Illinois. To the extent the other states' consumer-fraud laws are similarly restricted to transactions within those states, plaintiff is unlikely to be an adequate representative of a class of persons who purchased the product in those respective states. Nor is he likely to become an adequate representative by purchasing the product in those other states, because then defendant would likely pursue a defense unique to plaintiff, i.e., that he, unlike other class members, already knew the product contained oil when he purchased it. Furthermore, this Court is unlikely to grant a fee petition with respect to class counsel's time spent on claims that fail for such reasons.